Good morning, Your Honors. My name is Todd Mabern. I'm the attorney for John Berge. This is a case under 28 U.S.C. § 2254, and Mr. Berge was convicted of murder in 1998, and he's currently serving a 62-year prison sentence. It's our view that the district court wrongly dismissed his habeas petition. Now, this case raises many, many issues. I'm not going to be able to argue all of them today. I'd like to focus my argument on the question of whether Mr. Berge had abandoned his claim. I will touch on the merits if time permits, but I think that that's the focus of my argument here. The abandonment through the failure to incorporate by reference when you filed the supplemental habeas petition, and I'm not trying to point fingers. I just want to make sure I understand. Just to be clear, I wasn't counseled. That's why I said I'm not trying to point fingers at you, Mr. Mabern. I just want to make sure I understand which issue we're talking about. It's that issue, but let me give you a little more of the factual background. Sure. Mr. Berge filed the petition pro se, and he raised five specific claims. He was appointed counsel. That counsel, about six months later, filed an amended petition. In the amended petition, he said he was incorporating by reference all of the claims in Mr. Berge's petition. Just a few months later, Mr. Berge notified the court that he had very grave concerns about counsel. He had been trying to reach him. He hadn't responded. He was concerned that he hadn't properly raised the claim. Counsel had told him, at least according to these letters, don't worry about it. I've incorporated it by reference. I am, in fact, intending to raise that claim. Moving forward, Mr. Berge gets a copy of counsel's opening brief quite a bit later. In that brief, once again, he doesn't provide legal argument regarding this most critical claim. Mr. Berge then, I think it's about a month later, writes to the court and includes many, many additional letters saying, I've tried to reach counsel. He hasn't briefed this critical issue. And here's an errata. Now, I haven't seen anything quite like this before. And usually, in most cases, it's a great benefit to a client to have counsel appointed in a 2254. I know it's not required, except in capital cases. And I think that it should have been a benefit for Mr. Berge. But in this case, it was not. Is there any evidence in the record as to why the lawyer didn't actually lay out the argument as opposed to incorporating it by reference? There is, Your Honor. I know that the state has tried to suggest that he intentionally abandoned the claim. But the lawyer remained counsel of record through the end of the habeas. And he was my co-counsel. We submitted joint pleadings. And in those pleadings, we both represented to the court that it was an oversight, that he believed that it had been captured. He believed that the court would reach the issue. Mr. Berge had actually filed the errata with the court, which — But how can it be an oversight if he incorporated it by reference? Well, I'm not sure that I can — That would be a much more convincing argument if he'd never said a word about it and just ignored it. Well, I think the oversight was that he didn't appreciate that incorporation by reference wasn't permitted under the district court rule. Well, let me ask the question a different way. What was it that he was incorporating by reference? Just that argument, or were there other claims that he chose not to brief? Well, I wouldn't say that there were other substantive claims that he didn't brief, although it gets more complicated because there were exhaustion problems with some of the claims that he raised, some new claims that hadn't been exhausted. So it got quite a bit more complicated, but I think that the only claim that he left out in a briefing was this particular claim. I can't get inside his head. I just know that, as an officer of the court, he represented to the court that he didn't intend to abandon it, that he thought it was properly before the court. Now, the interesting issue is Mr. Berge said, discharge this lawyer. I will proceed pro se. I'm comfortable representing myself. I want to go forward. The court didn't reach that issue for many, many months, and then finally in September 2008, which would have been about six months after this request, the court said, no, you don't have a right to proceed pro se. All the briefing is complete. The issues have been raised. We're satisfied. The case is set for decision. The decision comes out, and in the decision, the court doesn't say anything about this claim. At that point, or within a few days, actually, I was allowed to appear, and we filed objections, both myself and the other counsel, and we said, the court must have overlooked this claim. We expected that the court would reach the claim, and that was the first time that we heard that there was an objection because of incorporation by reference and... What do you mean by the first time we heard there was an objection? Because there had never been an argument before that the claim had been... You mean the state? The state hadn't said it had been abandoned or waived or however you want to describe it. The first time that that argument was made was after we pointed out to the district court, or the magistrate judge, to be accurate, had overlooked the issue. The magistrate judge subsequently issued a decision which pointed out that you're not permitted to incorporate by reference and really didn't discuss anything having to do with the facts. This is a very unusual set of circumstances where you have a petitioner that very much wants the claim to be decided, that asks to proceed pro se. All right. So the question, doesn't it come down to, is that rule that was relied on adequate state ground? Well, it's not a state ground because it would have been a federal rule, a district court rule, that precluded the claim because it was properly exhausted in the state courts. So I don't think it's a procedural default issue like we see so often. What do you mean by it was exhausted in the state courts? Well, what I mean is the claim, this is Claim 5, which has to do with the failure to get a ballistics expert, was properly presented throughout the post-conviction and it was submitted and it was decided on the merits and there was a request for the Supreme Court to consider the issue. So it was fully exhausted and presented in the state court. The question is, what do we do when district court counsel flubs it, basically, it fails to incorporate by reference and you have a client or a pro se petitioner saying, well, wait a minute, this issue is in my case, here's the briefing, here's the argument. Please, district court judge, you must reach this issue. This is the issue that the district court found was basically harmless if it ever got to the merits because of the fact that the state hadn't pursued ballistics evidence at trial because they weren't trying to show how the shooting occurred, just that he admitted to having done it. Well, I don't think the district court ever said that. I don't think that there was ever a harmless finding and I think that that's why the best course would be to remand to have it. Well, except I guess where I'm going is, and maybe I'm being influenced too much by Martinez v. Ryan, but to the extent that you're claiming ineffective assistance of counsel by post-conviction counsel as a justification not to invoke the rule that the magistrate judge relied on, don't you have to show that you have a meritorious claim? I do think that you would need to have some level of prejudice, although the real question is, should the court, the district court, reach the merits first before this court makes the inquiry? I thought I read somewhere, maybe it's in the briefing, I thought there was an argument that was made by the state that we didn't proceed to trial in the murder case on a theory of exactly how the shots were fired. All we wanted to show was that he'd admitted to Dickerson that he had put, what, four bullets into the victim? I think the truth is that his statements to Dickerson were the sum total of all the evidence that they had. From the defense perspective, the key thing, the most important thing they could do was to show the jury that those statements couldn't be true, that the way he described what happened was a complete fabrication. The only way to do that would have been with ballistics evidence, with the trajectory evidence and the type of reconstruction that they suggested. But if he admitted that he shot him twice before the victim fell into the water and two more times, and after the body was exhumed and re-autopsied, they find four gunshot wounds in the victim, I'm having a hard time seeing what the ballistics expert would have done to undercut the admissions that Berg made to Dickerson. Well, I'm not saying that there wouldn't have been sufficient evidence to get to the jury, but I should point out that there was also evidence that this person was alive after Berg claimed that he had shot him. There was some evidence in the case, and the jury was out for a substantial period of time. It wasn't a verdict that came back within a few minutes. I think that this evidence would have greatly undermined the theory of the shooting and raised a serious question, I believe, in the minds of the jury, whether Berg was just fabricating because he heard it somewhere else or he knew what had happened. The point is it could have made a difference, especially in this case. I'd like to reserve a little bit of time. Okay, very good. All right, Mr. Maybrown, let's hear from Ms. Wendlandt. Thank you. May it please the Court, my name is Diane Wendlandt. I represent the appellees Mark Antrim and Frank Luna. They're the respondents in this habeas case. I'd like to start with the ballistics experts, since that's where the argument has focused. This relates to whether or not the defense attorney should have hired someone to come in and talk about the inconsistencies between Berg's confession, about how the shooting occurred, and the physical evidence. In Harrington v. Richter, the Court made very clear that just because you could hire an expert doesn't mean that it's incompetent not to. You have to look at how the defense counsel handled the issue, how that issue fit in with the balance of the evidence, and how the defense was run. Here, and I believe you were asking about where this was decided, the state court of appeal in the post-conviction action talked about the fact that the details, the actual physical details, who was standing where, was not crucial to the state's case. In fact, in the closing argument, the state attorney got up and said, look, I don't know how this shooting actually happened. I don't know who was standing where. Instead, for the state's perspective, the key issue, the crucial evidence, was the fact that Berg confessed to killing Ernie Taylor before anyone knew that Taylor was dead. He knew the number of bullets, the number of shots. He knew that the body had fallen into the water. And he knew the dog had been killed. I mean, there were certain crucial facts that only the killer could know. And the state basically said, look, I don't know. Maybe Berg got it wrong when he said he was 60 feet and maybe he meant 60 yards. We don't know. We don't know how that came out. But the simple fact is he knew about the death before anyone but the killer could know. In addition, the Court of Appeals pointed out that there was a far stronger defense against the confession. There was a better way to attack the confession. And that was the timeline. And the defense attorney made very good use of this, arguing that Taylor was still alive when this confession occurred. And if he was still alive, it had to be completely made up. Even if there may be some coincidences, it had to be made up. That was the stronger argument. That's what the defense focused on, and the Court of Appeals pointed out, that it was legitimate to focus on the strongest arguments and use cross-examination and closing argument to point out the physical inconsistencies. Under Harrington, that's perfectly appropriate. Which brings us to the federal case. In the federal case, you have the pro se application filed first. It includes a variety of claims. Claim five was this ballistics expert issue. Counsel was appointed. An amended application was filed. In that amended application, four of the five claims are specifically restated. So it's not just a matter of counsel coming in and saying, okay, I'm going to add these two claims, and I'll incorporate everything else by reference. That's not what happened. It's, I'm going to add a couple of claims, I'm going to restate these four claims, and omits the other one. He restated four out of how many? Five. Four out of five, okay. Correct. So then the state files a motion to dismiss based on exhaustion questions. And because there was some confusion about what the claims were, the state goes through in its motion to dismiss and lists what it thinks are ten issues, because there are issues within sub-issues. It does not include the ballistics expert issue, because it's looking at the amended petition, and it's not stated there. In response to the motion to dismiss, defense counsel doesn't say, wait a minute, there's another issue. And so the court accepts those ten issues, two are later withdrawn, leaving eight. The court says, no, we think these eight issues are exhausted, so let's go to merits briefing. In the merits briefing, the ballistics expert issue isn't raised. Nowhere does the petitioner's attorney raise that issue. So when Burge now complains, well, gee, the court didn't address it. Well, that's because no one briefed it. No one knew at that point. The state certainly wasn't going to come in and say, oh, wait a minute, that issue's been abandoned, because no one suggested that it's still in the case. And so then you get a decision where the district court rules in favor of the state. Then, only then, does the defense come back and say, oh, wait a minute, you didn't decide all the issues. You overlooked this issue. So was it overlooked? I would argue that the history, the procedural history of this case  So the first time it was ever put at issue was when, what, Mr. Maybrown and his co-counsel filed their objections to Magistrate Judge Smith's report and recommendation to the district court? That's correct. And at that point, are you saying then the state raised this? Immediately raised the abandonment issue. Now, I should clarify, because there were pro se filings earlier on. There was an early filing, which didn't specifically mention, unless you dug through some of the accompanying paperwork, where he was complaining, Mr. Burge was complaining about his attorney. After the defense brief was filed, at that point, you get a clear statement from the pro se defendant, from Burge, who's now represented, that wait a minute, I disagree with my attorney about the issues. I want to address an additional issue. But at that point, as I said, Mr. Burge is represented by counsel. And by law, it is the attorney's decision what issues to raise. And it was an appropriate decision to decide that this issue was not one of the stronger issues. And if you take a look at Jones v. Barnes, either that case or U.S. v. DeCoster, both of which are mentioned in our brief, they talk about the importance of winnowing issues. And as I said, it was counsel's decision. So at that point, the only remaining issue was, was there sufficient enough of a conflict here that Burge should be allowed to represent himself? And the district court said, no, we don't think so. And that decision has not been appealed. I was going to say, that's not appealed, right? No, that has not been appealed. So then the only question is, is there some sort of equitable reason why in this case Burge's pro se prejudice? Well, that's why I asked Mr. Maybrown about the prejudice here, because I'm having a hard time seeing it. Exactly. And I would argue there is no prejudice. So the equitable concerns do not weigh in favor of some sort of excuse or waiver of the district court rule. When you say there's no prejudice, what do you mean? The claim is weak on the merits? Exactly. This is not a claim that would have succeeded. If there are no further questions, I believe that's all. Thank you. Mr. Maybrown, I'll give you a minute on rebuttal. Thank you. I should note there's no right to represent your pro se in a habeas petition, but by the same token, there was briefing submitted by the pro se petitioner. But the problem that puts the court in, as you well know, from having represented clients who do this sometimes, the rule is that basically the client speaks through counsel. The court does not have to look at both the pro se filings and his lawyer's filings and then rule on both. At least I know of no obligation when he's represented by counsel. There is none, but in this case where counsel – I mean, if you look at the magistrate judge's report and recommendation, she repeatedly says he doesn't say anything about the federal habeas corpus. He doesn't know anything about 2254. He's not talking about the rules. So it's a real tragedy here that counsel didn't have really a clue about how to handle this, and he did not understand that the court wouldn't consider the issue, and that was why he filed the brief with me that he did say, wait, the court overlooked it because it was his sense that it was still in the case. It has a tough time for me in trying to review this and trying to come up to speed exactly what to do to suggest that he puts issues in. The state restates the issues, as I say them, and makes more issues of them. That issue isn't in any part of it. The court deals with those issues. Nobody's yelping about that fact after the state has, if you will, restated all the issues, and that issue isn't there. Nobody yelps. The court then makes a decision about all that. I guess I'm still having a tough time understanding why, for an equitable reason, I jump over the top of the case and say, oh, this is bad. Try it again. Well, he yelps. Mr. Burge yelps many, many times over and over and over again. He's imploring, pleading with the court to either discharge his counsel or reach the issue. What more can he do? Again, you're talking about then the court should disregard what his counsel's doing, disregard what the state has done based on what counsel said and restated the issues, and should not just look at what counsel's doing but start looking at everything that he files as well. That's what you're saying. Well, I think the court should have held a hearing, is what the district court should have done, and that's what most district courts would do, and at least have some. Held a hearing on the conflict between the counsel and the client and at least make some finding earlier in the day about, because these motions for dismissal of counsel were pending for more than a year and change before there was any ruling, and the briefing went on with all of this pending. And that's why it gets even more and more confusing and unfair for the petitioner because he's filed whatever he can. He doesn't know what his counsel is doing, and the counsel is also admitting that he doesn't understand the rules as well. But before we reverse and remand this for retrial, don't we have to decide that there is an equitable exception here that applies, which would require a fairly strong showing of prejudice? Well, I think you would just need to find that there was no evidence of abandonment, and then that issue would go back. I think what we have to find is that, well, I have to think about that. Under the deferential AEDPA standard of review, I'm not sure what it is. I guess we're deferring to the Alaska Court of Appeals, whether that was objectively unreasonable. But I don't even think we're there. We're not at the merits yet. We're just at the procedural posture about whether the claim is alive. So I don't think that AEDPA applies in that sense, and I understand that prejudice is important. If this was a totally frivolous claim, we wouldn't be having that discussion. Well, it's not a very strong one. It is a very strong one, actually, in the context of this case, and the state courts did not say it was weak and did not say it was frivolous. I thought the Alaska Court of Appeals said that it was a weak claim. No, they didn't. They said it would have helped him, but he didn't have all the money in the world to hire an expert is what they basically said, and he argued it himself, and counsel arguing it was sufficient. That's what they said. They didn't say it was weak. Okay. All right. Thank you very much. The case just argued is submitted.
judges: Tashima, Tallman, Smith